UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| NICHOLE HODGE, ARTHUR FEELER, Individually and for Others Similarly Situated,<br><br>v.<br><br>PALMER CONSULTING & INSPECTION SERVICE, INC. | CASE NO. 7:18-cv-00194 |

## ORIGINAL COMPLAINT

### SUMMARY

1. Palmer Consulting & Inspection Service, Inc. (Palmer Inspection) did not pay its Pipeline Inspectors overtime as required by the Fair Labor Standards Act(FLSA) and the New Mexico Minimum Wage Act (NMMWA).

2. Instead, Palmer Inspection paid these Pipeline Inspectors a "day rate" and "straight-time" for hours worked excess of 10 in a day.

3. Palmer Inspection owes these Pipeline Inspectors back pay for 1.5 times their regular rate for all hours worked in excess of 40 in a workweek.

4. This action seeks to recover the unpaid overtime wages and other damages owed to these Pipeline Inspectors.

### JURISDICTION AND VENUE

5. Because this case arises under a federal statute, this Court has original subject matter jurisdiction. *See* 28 U.S.C. § 1331 & 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts.

6. Many of the events giving rise to this action occurred in the Western District of Texas and in this Division.

7. Palmer Inspection resides in this District and Division.

8. This Court has general jurisdiction over Palmer Inspection.

9. Further, venue is proper under 28 U.S.C. § 1391.

The Parties

10. Nichole Hodge was an employee of Palmer Inspecting.

11. She worked for Palmer Inspection as a Certified Welding Inspector for a one-month period in May and June 2018.

12. She spent all of her working time in this District and Division.

13. Palmer Inspection paid Hodge on a "day rate" basis (and not on a salary basis). Palmer Inspection also paid Hodge "overtime" at a "straight time" rate for all hours worked in excess of 10 hours per day.

14. Hodges's consent is attached.

15. Arthur Feeler is a former employee of Palmer Inspecting.

16. He worked for Palmer Inspection as a Certified Welding Inspector for a three-month period from March to June 2018.

17. He spent some of his working time in this District and Division.

18. Feeler also worked in New Mexico.

19. Feeler is a resident of the State of Texas.

20. Palmer Inspection paid Feeler on a "day rate" basis (and not on a salary basis). Palmer Inspection also paid Feeler "overtime" at a "straight time" rate for all hours worked in excess of 10 hours per day.

21. Feeler's consent is attached.

22. Palmer Inspection is a Texas corporation that provides pipeline inspection services, among others, in the oil & gas industry.

23. Palmer Inspection can be served through its registered agent for service of process, Tammi Palmer, 1700 Trail Dr., Odessa, TX 79766-9041.

## FACTS

24. Palmer Inspection is an oilfield and pipeline contractor.

25. Palmer Inspection employs Pipeline Inspectors in multiple states, including Texas.

26. Palmer Inspection's employees use good and/or materials that were produced for commerce including, but not limited to, computers, telephones, and hand tools.

27. Upon information and belief, in each of the past three years, Palmer Inspection's annual revenues have been at least $500,000.

28. Palmer Inspection paid its Pipeline Inspectors, including Hodge and Feeler, the same hourly rate for all the hours they worked, including those in excess of 40 in a workweek.

29. Palmer Inspection paid its Pipeline Inspectors, including Hodge and Feeler, according to its "day rate" system.

30. Palmer Inspection's "day rate" system is not payment on a "salary basis."

31. Palmer Inspection's day rate is supposed to cover 10 hours in a day.

32. Palmer Inspection also paid its Pipeline Inspectors "overtime" at a "straight time" rate for all hours worked in excess of 10 hours per day.

33. For example, Palmer Inspection's offer letter sets out its day rate system:

> Your salary will be as follows, $481.00 per day + $144.00 per diem =$625.00 per day total + $ .54 per mile. Overtime rate is $48.00 per hour.
>
> Overtime will be paid for hours worked over 10 hours per work day (a 10-hour work day is onsite, commuting to and from the job site is NOT paid as travel time and commuting hours are NOT counted towards the 10-hour work day). Paychecks are issued bi-weekly. Per diem and mileage are non taxable.

34. All Pipeline Inspectors employed by Palmer Inspection were paid pursuant to this day rate plan.

35. If a Pipeline Inspector, including Hodge or Feeler, worked 62 hours in a week, they were paid for 62 hours at their standard hourly rate – their "day rate" for the first 10 hours each day and 1/10 of their day rate for any hours over ten worked in a day.

36. For example, if Hodge worked 12 hours a day for 5 days in a week, she was paid her day rate of $481 for the first 10 hours of each day and then $48 for each hour over ten each day, or total compensation for the week of $2885 (($481 x 5) + (10 x $48)).

37. Under the FLSA, Hodges' total compensation for that workweek should have been $3607.60 (($481 x 5) + (20 x $60.13)).

38. Under the NMMWA, Hodges' total compensation for that workweek should have been $4,208.75 (($60.125 x 40 hours) + (20 x 90.1875).

39. Palmer Inspection's Pipeline Inspectors, including Hodge and Feeler, routinely worked 60 or more hours in a week.

40. Palmer Inspection's Pipeline Inspectors, including Hodge and Feeler, reported their hours to Palmer Inspection on a weekly basis.

41. Palmer Inspection's Pipeline Inspectors' records, including Hodge's and Feeler's, show the number of hours they worked each week.

42. Palmer Inspection's records demonstrate its Pipeline Inspectors, including Hodge and Feeler, worked more than 40 hours in many workweeks.

43. But Palmer Inspection did not pay its Pipeline Inspectors, including Hodge and Feeler, time and a half for hours worked in excess of 40 in a week.

4

44. Palmer Inspection paid its Pipeline Inspectors, including Hodge and Feeler, "straight time" for all hours worked despite knowing the overtime requirements of the FLSA and the NMMWA.

45. Palmer Inspection's Pipeline Inspectors, including Hodge and Feeler, were not salaried employees.

46. Palmer Inspection did not have a good faith basis for believing its "straight time" for all hours worked scheme complied with the FLSA or NMMWA.

47. Paying a non-salaried employee "straight time" for all hours worked is not an "objectively reasonable" interpretation of the FLSA's overtime requirements.

48. Palmer Inspection's violation of the FLSA was willful.

### COLLECTIVE ACTION ALLEGATIONS

49. Hodge and Feeler incorporate the preceding paragraphs.

50. Over the past 3 years, Palmer Inspection has employed many Pipeline Inspectors, who like Hodge and Feeney, were paid on

51. Palmer Inspection paid its Pipeline Inspectors the same hourly rate for the all the hours they worked, including those in excess of 40 in a workweek.

52. Palmer Inspection did not pay its Pipeline Inspectors any overtime premium.

53. Palmer Inspection paid its Pipeline Inspectors according to the same "day rate" system for all hours worked policy that it paid Hodge and Feeler.

54. Because they were subject to the same illegal pay practice, the Pipeline Inspectors are similarly situated to Hodge and Wheeler.

55. The collective action "class" is properly defined as:

> **All Pipeline Inspectors Palmer Inspection paid according to its "day rate" system in the past 3 years.**

### CAUSES OF ACTION: FLSA & NMMWA OVERTIME

56.    Hodge and Feeler incorporate the preceding paragraphs by reference.

57.    Under the FLSA, Palmer Inspection's "day rate" covered, at most, 10 hours of work in a day.

58.    By failing to pay its Pipeline Inspectors, including Hodge and Feeler, overtime at 1.5 times their regular rate, Palmer Inspection violated the FLSA's overtime provisions.

59.    Under the NMMWA, Palmer Inspection's "day rate" covered 8 hours of work in a day.

60.    By failing to pay its Pipeline Inspectors, including Hodge and Feeler, overtime at 1.5 times their regular rate, Palmer Inspection violated the NMMWA's overtime provisions.

61.    Palmer Inspection owes its Pipeline Inspectors, including Hodge and Feeler, the difference between the rates paid and the proper overtime rate.

62.    Because Palmer Inspection knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Palmer Inspection owes these wages for at least the past three years.

63.    Palmer Inspection owes its Pipeline Inspectors, including Hodge and Feeler, an amount equal to all unpaid overtime wages as liquidated damages.

64.    Palmer Inspection's Pipeline Inspectors, including Hodge and Feeler, are entitled to recover reasonable attorneys' fees and costs incurred in this action.

### PRAYER

WHEREFORE, Hodge and Feeler pray for relief as follows:

1.    Judgment awarding the Pipeline Inspectors, including Hodge and Feeler, all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

2.    An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

3. All such other and further relief to which Hodge and Feeler may show themselves and the Pipeline Inspectors to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

/s/ Rex Burch
By: _____
Richard J. (Rex) Burch
Texas Bar No. 24001807
James A. Jones
Texas Bar No. 10908300
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com
jjones@brucknerburch.com

Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Andrew Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**ATTORNEYS FOR PLAINTIFF**
